WALLACE, JUDGE:
Claimant brought this action as administrator of his wife's estate. His wife, Karen M. Friend, died in an accident which occurred on Labor Day weekend in 1983. She was operating her vehicle, a Ford Pinto, on Local Service Route 2 in Pendleton County, when the vehicle slid off the road and rolled down a bank. Both Karen Friend and a passenger, Deborah Reall, were thrown from the vehicle. Mrs. Friend died from the injuries which she received.
Claimant alleges that the proximate cause of the accident was the condition of Route 2, basically a one-way dirt road, proceeding through a camping and fishing area along the South Branch of the Potomac River. More specifically, claimant contends that the road wa snot sufficiently wide; that the road was not marked or delineated; and that the respondent was aware of the dangerous condition of the road.
Respondent contends that Route 2 at the location of the accident is basically a dirt road which was taken into the State road system in 1933. It is an unimproved, dirt road leading to a park known as the Big Bend Campground. Respondent alleges that the proximate cause of the accident was not the negligence of the respondent, but was the negligence of the driver of the vehicle.
*112 The facts of the claim are as follows: On September 2, 1983, during Labor Day weekend, claimant's wife, their son, and two friends agreed to go on a fishing trip to Big Bend Campground in West Virginia. They took two vehicles, one of which was a camper truck, and one of which was Karen Friend's Ford Pinto. They left from their homes in Garrett County, Maryland at approximately 5:00 p.m. Mrs. Friend and her passenger, Deborah Reall, proceeded in the Ford Pinto ahead of claimant, who was riding with Stanley McCrobie and the Friends' son, Joe, to Route 2, to look for an areas where the camper truck could be parked along the river bank. It was approximately 9:00 p.m. and dark. As Mrs. Friend drove along the dirt road, the right, front tire of the automobile went off the surface of the road. She attempted to drive back onto the road when the rear, right tire also went off the road. The driver was still attempting to drive the vehicle back onto the orad when the vehicle struck something. According to the testimony of Deborah Reall, "the car was sliding but she (Mrs. Friend) was attempting to negotiate it and bring it back up onto the roadway. The car kind of hung and just sent along 'til the weight pulled it and it started to turn and it rolled down over the hill." The vehicle travelled approximately 57 feet on the edge of the road before it actually went over the hill. Mrs. Friend had not travelled this road prior to the date of the accident herein. She was unfamiliar with the road. Her passenger, Deborah Reall, had been on the road previously. She testified that she told Karen Friend that "this road is very narrow and twisting, and she (Mrs. Friend ) said, 'We'll just go very slow then,' and that's what we did."
Deborah Reall further testified that the vehicle was travelling at about 15 miles per hour. They were driving up a slight incline so the vehicle's headlights were pointing up and not on the road surface. The road narrowed at the accident site.
Measurements taken by the investigating officer, Trooper Richard D. Gillespie, a member of the Department of Public Safety, revealed that the road was 12 feet, 10 inches at the point the vehicle went off the road. The vehicle travelled 57 feet, 5 inches according to tire tracks along the edge of the road before it rolled over the hill.
William Woodrow Hartman, Maintenance Supervisor for District 8, which encompasses Pendleton County, testified that routine maintenance of Route 2 on the dirt section consisted of "taking a grader, pull the ditches, clean out culverts so that you have proper drainage on them, putting a shape back into the orad, filling up the potholes and also stabilizing the road, tailgating material on it so you'll have something to grade so you can fill the potholes." This maintenance was performed twice a year.
Testimony and photographic evidence revealed signs at approximately 2/10 of a mile from the site of the accident. One sign was metal and indicated "Unimproved One Lane Road Next 4 Miles," and the other sign was wooden and indicated "CAUTION Road Narrow, Steep, Hazardous and Subject to Hooding, Drive with Care ... ." The signs were in place on the date of this accident according to Mr. Hartman.
*113 There was also testimony concerning a hazard paddle placed to the edge of the road where the decedent's vehicle went off the road. The testimony did not provide a specific point in time when the paddle was placed there by respondent, but it was after the accident herein. The road varied in width from as wide as 14 feet, 7 inches to as narrow as 11 feet, 5 inches. There is no dispute that the road was a narrow, dirt road. In fact, respondent's witness, Claude Blake, testified, "It is a very hazardous treacherous, one lane road, ... ." No one at the hearing disputed this fact.
The Court has reviewed the testimony and evidence in this claim. The scene of the accident was a narrow, dirt road similar to many local service roads in West Virginia. The average daily traffic count was 80 during 1983. This road leads to a camping and fishing area used more in the warmer months of the year and more frequently on weekends. The respondent had placed a warning sign for the travelling public as to the character of the road, i.e., "Unimproved One Lane Road Next 4 Miles." Another sign erected by an agency other than respondent also warned the travelling public as to the character of the road. It is the opinion of the Court that the respondent acted in a responsible manner in posting the metal sign. The respondent maintained Route 2 as it would any other local service road. The maintenance performed was adequate in light of the nature of the road, i.e., an access road to fishing and camping areas. For these reasons, the Court finds that respondent was not negligent in its maintenance of Local Service Route 2.
The Court is not unmindful of the tragedy of this accident; however, the Court is of the opinion to the does disallow the claim.
Claim disallowed.